FILED - USDC - FLMD - OCA
SEP 15 2026 PM1:24

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 5:26-cr-108-TPB-PRL
18 U.S.C. § 875(c)

JEREMIAH JAMES SCHWIER

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Threatening Interstate Communications)**

On or about August 24, 2026, in the Middle District of Florida, the defendant,

**JEREMIAH JAMES SCHWIER,**

did knowingly transmit in interstate commerce a communication containing a true threat to injure or kill the person of another, specifically, Victim 1, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by placing a telephone call (at approximately 9:29 a.m.) and making the following statement: "I'm going to find a hitman on the internet who will kill [Victim 1] for free."

In violation of 18 U.S.C. § 875(c).

**COUNT TWO**
**(Threatening Interstate Communications)**

On or about August 24, 2026, in the Middle District of Florida, the defendant,

**JEREMIAH JAMES SCHWIER,**

did knowingly transmit in interstate commerce a communication containing a true threat to injure or kill the person of another, specifically, Victim 1, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by placing a telephone call (at approximately 9:38 a.m.) and making the following statement: "I can make it look like an accident. [Victim 1's] death is going to look quite accidental."

In violation of 18 U.S.C. § 875(c).

**FORFEITURE**

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875(c), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________________
Angela M. Palacios
Assistant United States Attorney

By: ______________________________
Robert E. Bodnar. Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
September 26

No. 5:26-cr- 108-TPB-PRL

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

JEREMIAH JAMES SCHWIER

INDICTMENT

Violations: 18 U.S.C. § 875(c)

A true bill.

Foreperson

Filed in open court this 15th day

of September 2026.

M Taylor
Clerk

Bail $_______________

GPO 863 525